**[J-29-2025] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| PENNY GUSTAFSON, | : | No. 24 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court entered |
| | : | February 20, 2024, at No. 1298 CD |
| v. | : | 2022, reversing and remanding the |
| | : | Order of Cambria County Court of |
| | : | Common Pleas entered February |
| AMERICAN FEDERATION OF STATE, | : | 11, 2022, at No. 2021-3223. |
| COUNTY, AND MUNICIPAL EMPLOYEES, | : | |
| COUNCIL 13; AMERICAN FEDERATION | : | ARGUED: April 10, 2025 |
| OF STATE, COUNTY, AND MUNICIPAL | : | |
| EMPLOYEES, DISTRICT COUNCIL 83; | : | |
| AND AMERICAN FEDERATION OF | : | |
| STATE, COUNTY, AND MUNICIPAL | : | |
| EMPLOYEES, LOCAL 2047, | : | |
| | : | |
| Appellants | : | |

**CONCURRING OPINION**

**JUSTICE McCAFFERY**                    **DECIDED: JANUARY 21, 2026**

I join the majority opinion because it faithfully applies our precedents and the Public Employe Relations Act (PERA).[1]  I write separately, however, to make one modest observation about Section 606 of PERA as it relates to the duty of fair representation.

Section 606 allows a union to be designated as the exclusive representative of employees in the collective bargaining process with an employer.  *See* 43 P.S. § 1101.606 ("Representatives selected by public employes in a unit appropriate for collective bargaining purposes shall be the exclusive representative of all the employes in such unit to bargain on wages, hours, terms and conditions of employment[.]").  This status as

---

[1] 43 P.S. §§ 1101.101–1101.2301.

exclusive representative gives rise to a union's duty to fairly represent all employees during the grievance process with employers. *See Falsetti v. Loc. Union No. 2026, United Mine Workers of Am.*, 161 A.2d 882, 895 n.21 (Pa. 1960).[2] If a union were not subject to a duty to fairly represent all workers bound by the collective bargaining agreement, "constitutional questions [would] arise." *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 198 (1944).

There is, however, a qualification in Section 606: Employees retain the right to represent themselves during a grievance process with the employer. *See* 43 P.S. § 1101.606 ("[A]ny individual employe or a group of employes shall have the right at any time to present grievances to their employer and to have them adjusted without the intervention of the bargaining representative[.]").[3] Thus, while the union's representative still must be "given an opportunity to be present" during the grievance process, 43 P.S. § 1101.606, PERA does not require workers to accept the union's representation.

Here, Appellee was represented by the union. In other words, she did not exercise her right to represent herself in the grievance process. I nevertheless emphasize that, where an employee elects to represent herself and avoid the union's representation during grievance procedures, the union's duty of fair representation would not be implicated. With that observation, I am pleased to concur.

---

[2] *See also Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 901 (2018) (The duty of fair representation "is a necessary concomitant of the authority that a union seeks when it chooses to serve as the exclusive representative of all the employees in a unit.").

[3] Federal law contains a similar proviso. *See* 5 U.S.C. § 7114(5)(A) ("The rights of an exclusive representative under the provisions of this subsection shall not be construed to preclude an employee from … being represented by an attorney or other representative, other than the exclusive representative, of the employee's own choosing in any grievance or appeal action[.]").